UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NARCRISSUS SWANIGAN, | CASE NO. C25-5301JLR |
| Plaintiff, | ORDER |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Before the court are (1) *pro se* Plaintiff Narcrissus Swanigan's complaint against Defendants the Social Security Administration ("SSA") and retired Pierce County Superior Court Judge Rosanne Buckner (Compl. (Dkt. # 8)) and (2) United States Magistrate Judge Theresa L. Fricke's order granting Mr. Swanigan's motion for leave to proceed *in forma pauperis* ("IFP") and recommending that the court review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 7)).  The court has considered

ORDER - 1

1 Mr. Swanigan's complaint and determined that the allegations therein fail to state a claim
2 upon which relief can be granted. Accordingly, the court DISMISSES Mr. Swanigan's
3 complaint with partial leave to amend.

## II.   BACKGROUND

Mr. Swanigan raises two causes of action. First, he asserts a claim against the SSA for "failure to release Social Security benefits." (Compl. ¶¶ 8-11.) Mr. Swanigan alleges that although he was approved for supplemental security income ("SSI") in 2018, the SSA has failed to issue him any payments. (*Id.* ¶ 8.) He attaches as an exhibit to his complaint a letter from the SSA that (1) states that Mr. Swanigan "me[t] the rules of the Social Security disability program[,]" (2) requests information necessary to update his claim, (3) schedules a telephone call to take place on August 7, 2018, and (4) warns Mr. Swanigan that his SSI application could be denied if he does not timely complete an interview. (Exhibits (Dkt. # 8-1) at 13-14.) Mr. Swanigan further alleges that he filed a grievance after he was "attacked by the Tacoma Social Security Office agents as he attempted to resolve any issues." (Compl. ¶ 8.) In support of this allegation, he attaches to his complaint an October 8, 2024 letter he sent to the Washington State Office of Risk Management, three letters from the Office of Risk Management stating that the claims he made in his letter had been assigned to the Torts Division of the Washington Attorney General's Office, and an undated email from the Torts Division regarding the status of its investigation. (Exhibits at 1-6.) Mr. Swanigan does not provide any exhibits that demonstrate that his SSI application was in fact approved, nor does he allege or provide evidence of the steps, if any, he has taken to address the SSA's alleged failure to pay

benefits.  (*See generally* Compl.)  Mr. Swanigan seeks a writ of mandamus "compelling the [SSA] to release all past-due and ongoing SSI benefits owed to" him.  (*Id.* at 3.)

Second, Mr. Swanigan raises a claim against Judge Buckner for "illegal incarceration and defamation of character" arising from his 1995 conviction and sentence.  (*Id.* ¶¶ 12-14; *see also* Exhibits at 7 (August 7, 1995 letter).)  He further alleges that Judge Buckner "failed to take corrective action" to address constitutional violations identified by the Washington Court of Appeals.  (Compl. ¶¶ 12-13.)  The Court of Appeals orders that he attaches to his complaint, however, say nothing about any constitutional violations arising from his 1995 conviction and sentence.  (*See* Exhibits at 11-12.)  Mr. Swanigan further alleges that Judge Buckner retired from the bench "in an apparent attempt to conceal [Mr. Swanigan's] wrongful imprisonment and the injustice caused by her."  (Compl. ¶ 14.)  Mr. Swanigan seeks a writ of mandamus compelling Judge Buckner "(or her successor) to take corrective action regarding [his] wrongful incarceration and defamation[,]" along with an independent review of the proceedings before Judge Buckner and damages.  (*Id.* at 3.)

### III.     ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a claim filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  Because Mr. Swanigan is a *pro se* plaintiff, the court must construe his

pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief").  As discussed below, Mr. Swanigan's complaint is subject to dismissal for failure to state a claim.

A.  **"Failure to Release Social Security Benefits"**

"A plaintiff seeking a judicial review of the denial of his or her benefits under the [Social Security] Act must first exhaust the remedies set forth in the Act." *Qian C. v. Comm'r of Soc. Sec.*, No. C22-1032DGE, 2022 WL 3716739, at *1 (W.D. Wash. Aug. 29, 2022) (citing 42 U.S.C. § 405(g)).  "[A] civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim." *Id.* (quoting *Bass v. Soc. Sec.*

1  *Admin.*, 872 F.2d 832, 833 (9th Cir. 1989)). A decision regarding benefits is final only
2  after the claimant completes "the four steps of the administrative review process:
3  (1) obtaining an initial determination; (2) obtaining a reconsideration determination;
4  (3) participating in a hearing before an Administrative Law Judge ('ALJ'); and
5  (4) obtaining the Appeals Council review of the ALJ's decision." *Id.* (citing 20 C.F.R.
6  § 416.1400(a)(1)–(5)); *see also Duarte v. Kijakazi*, No. 21-16019, 2023 WL 2755329, at
7  *1 (9th Cir. Apr. 3, 2023) (noting that this process "applies to all 'continuing entitlement
8  to benefits,' the benefit amount, '[t]ermination of' benefits, 'overpayment or
9  underpayment of' benefits, and '[w]hether an overpayment of benefits must be repaid,'
10 among others things" (quoting 20 C.F.R. § 404.902)). The exhaustion requirement also
11 applies to claims for relief brought under the Mandamus Act, 28 U.S.C. § 1361. *Heckler*
12 *v. Ringer*, 466 U.S. 602, 616 (1984) (holding that the writ of mandamus "is intended to
13 provide a remedy for plaintiff only if he has exhausted all other avenues of relief and only
14 if the defendant owes him a clear nondiscretionary duty"); *see also Duarte*, 2023 WL
15 2755329, at *2 (holding that plaintiff failed to establish a basis for mandamus relief
16 because she had not exhausted her administrative remedies).

17       Here, Mr. Swanigan makes no allegations and provides no evidence that he has
18 exhausted his administrative remedies. (*See generally* Compl.; Exhibits.) Indeed, he
19 provides the court no information at all about the steps, if any, he has taken to try to
20 address the SSA's alleged failure to pay benefits. (*Id.*) Therefore, the court dismisses
21 Mr. Swanigan's claim against the SSA for failure to exhaust administrative remedies
22 under the Social Security Act and the Mandamus Act.

When a court dismisses a *pro se* plaintiff's complaint, it must allow leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The court cannot conclude, on the record before it, that it is "absolutely clear" that Mr. Swanigan cannot cure his claim for failure to pay benefits by demonstrating that he has properly exhausted his remedies. Therefore, the court dismisses this claim with leave to amend.

B.  **"Illegal Incarceration and Defamation of Character"**

Judges and those performing judge-like functions are absolutely immune from liability for acts performed in their official capacities. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Judicial immunity applies no matter how "erroneous the [judge's] act may have been, and however injurious in its consequence [the act] may have proved to the plaintiff." *Id.* (internal quotation marks omitted) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)). Judges lack immunity, however, when they act in the clear absence of all jurisdiction or perform acts not judicial in nature. *Ashelman*, 793 F.2d at 1075; *see also Stump v. Sparkman*, 435 U.S. 349, 360 (1978).

Here, Mr. Swanigan's claims against Judge Buckner are based on actions Judge Buckner took in her official capacity during Mr. Swanigan's 1995 criminal proceedings. (Compl. ¶¶ 12-15; *see also* Exhibits at 7-9 (documents relating to 1995 proceedings).) Thus, because Judge Buckner was not acting outside of the scope of her official duties, she is absolutely immune from the claims that Mr. Swanigan seeks to bring against her. In addition, Mr. Swanigan's claims for illegal incarceration and defamation are barred by the applicable statutes of limitations. *See* RCW 4.16.100(1) (two-year statute of

limitations applies to actions for false imprisonment, libel, and slander). Because Mr. Swanigan's claims against Judge Buckner are barred by both judicial immunity and the statutes of limitations, they cannot be cured by amendment. Accordingly, the court dismisses Mr. Swanigan's claims against Judge Buckner with prejudice and without leave to amend. *See Lucas*, 66 F.3d at 248.

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Swanigan's complaint (Dkt. # 8) on 28 U.S.C. § 1915(e)(2)(B) review.

1. Mr. Swanigan's claim against the SSA is DISMISSED with leave to amend. Mr. Swanigan may file an amended complaint that cures the deficiencies identified above by no later than **May 29, 2025**. Failure to do so will result in the dismissal of this claim without prejudice.

2. Mr. Swanigan's claims against Judge Buckner are DISMISSED with prejudice and without leave to amend. Mr. Swanigan shall not include his claims against Judge Buckner in his amended complaint.

3. Mr. Swanigan's motion for service of the summons and complaint by the United States Marshals' Service (Dkt. # 9) is DENIED without prejudice.

Dated this 8th day of May, 2025.

JAMES L. ROBART
United States District Judge